IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-120 |
| ARRON THOMPKINS, *et al.*, | § | |

REPORT AND RECOMMENDATION
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff, Demontrous Witcher, an inmate currently confined at the Jester Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Aaron Thompkins, Michael K. Sanders, Brenda Grogan, Jerran Coleman, John Doe UTMB Nurse, Derrel G. Bray, and Michael Cast.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Plaintiff filed a Motion for Summary Judgment on November 3, 2022 (doc. # 24). Defendants Bray, Coleman, Grogan, Sanders and Thompkins filed a Response on November 17, 2022 (doc. # 27).

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and

affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In reviewing Plaintiff's motion for summary judgment, Defendants' response, it is evident that Plaintiff has failed to meet his burden. The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988).

Plaintiff has failed to identify any pleadings, discovery and/or provide an affidavit in support of his motion for summary judgment. Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). As such, Plaintiff's motion for summary judgment should be denied.

## Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Summary Judgment (doc. # 24) should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge