IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-120 |
| ARRON THOMPKINS, *et al.*, | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Demontrous Witcher, an inmate currently confined at Jester III of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Aaron Thompkins, Michael K. Sanders, Brenda Grogan, Maintenance Officer, Jerran Coleman, Maintenance Officer, John Doe, UTMB Nurse, Derrel G. Bray, Maintenance Supervisor, and Michael Cast, Maintenance Supervisor.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed this complaint on March 22, 2021 (doc. # 1). In the statement of his claim, Plaintiff states the following:

> My complaint [is] about the handicapp [sic] bench - Officer L. Fields had reported the problems with the bench to Mrs. B. Grogan (maintenance) several times as well as Off J. Coleman. Offender Sanchez stated he reported to them about the problem several times and they refused to come nor did they place any warning. They could have placed a warning to incomming [sic] inmates in wheelchairs like myself. When I hit the floor - medical refused to come help me and allowed inmates to assist me off the shower floor and would not allow me to come to medical that day. The next day Officer Kristy Perkins L. force [sic] medical to come give me attention because I was hurting so bad. Only then did maintanance [sic] come fix the shower bench after officer Perkins ordered.

> The moment the desk officer called and stated a [sic] inmate hit the floor medical should have came or ordered that I be sent to medical complained of pain and being hurt not ignored or force to see me.
>
> Once they allowed other inmates to help me off the floor they were wrong.

Original Complaint, pgs. 4-5 (doc. # 1). With respect to Defendants John Doe Maintenance Supervisor, Aaron Thompkins, Brenda Grogan, Jerran A. Coleman, Plaintiff generally alleges they all were notified of the problem with the shower bench before his injuries and did nothing to remedy the problem. *Id*., pg. 4. With respect to Defendant UTMB John Doe Nurse, Plaintiff alleges "[t]hey refused to come get me off floor when Off P. Seniguar call them and reported it or allowed me to come to medical." *Id*.

For relief, Plaintiff asks for $500,000.00 in compensatory damages and $500,000.00 in punitive damages against each defendant. *Id*., pg. 4. Plaintiff states, "[t]his Court should hold them accountable and liable for my injuries and mental state - make medical attend to inmate who are down." *Id*.

On March 23, 2021, the undersigned ordered Plaintiff to replead his cause of action (doc. # 4). The undersigned asked Plaintiff to answer the following questions:

1. Are you suing the defendants in their official or individual capacities or both?

2. What was wrong with the shower bench and what happened to you exactly? You generallly state you were injured and alleged the defendants are liable but do not specify what happened and/or how you were injured. Be specific.

3. When you notified defendants of the problem with the shower bench, what did you say and what was their response? Be specific with dates, number of times, who exactly you spoke to or wrote to, and their response.

4. When Officer P. Senigar called the UTMB once you were injured, what was their specific response? You simply state they refused to come get you off the floor but did not provide their specific reason. Did they deny you medical treatment? If so, why specifically did they deny you medical treatment?

5. Why did the responding officers not take you to the Medical Department?

Order to Replead (doc. # 4).

Plaintiff filed a response to the order to replead on May 6, 2021, and then a motion to correct and amend his more definite statement (doc. #s 7 & 10). In the latter, Plaintiff confirms he is suing

the Defendants in both their official and individual capacities. *Id*. Plaintiff states the Defendants (generally) had knowledge that the bench was broken and insinuated to him that it was fixed. Once Plaintiff went back to using the shower, it collapsed on him, injuring his head, shoulders and back. *Id*. Plaintiff contends that Officer C. Fields, Offender Sanchez, and he himself, reported the problems several times, but does not specify to whom. *Id*. Plaintiff then states that after he spoke with Officer Grogan a second time, while she was fixing the sink, she insinuated the bench was already fixed. *Id*. Plaintiff alleges he was denied medical due to COVID-19 and because his injury was considered "not serious." *Id*. Finally, Plaintiff confirms the officer on duty could not take him to medical as she was the only officer on duty. *Id*.

The Defendants were ordered to answer or otherwise plead on September 22, 2022 (doc. # 15). Currently pending is a Motion to Dismiss filed by Defendants Derrel G. Bray, Michael K. Sanders, and Arron Thompkins (doc. # 19), which is the subject of this Report and Recommendation. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing Plaintiff is not entitled to monetary damages against them in their official capacity, Plaintiff failed to allege their personal involvement, and they are entitled to qualified immunity. *Id*. On November 23, 2022, Plaintiff filed a response to the Motion to Dismiss (doc. # 29). In his response, Plaintiff merely states the Defendants should be held liable for his physical and mental injuries and argues that a "Government actor may be liable for any of [sic] constitutional violations that another committed if the actor set in motion a seris [sic] of events that Defendants knew or reasonable [sic] should have known would cause others to deprive the Plaintiff of thier [sic] constitutional rights." *Id*., pg. 6.

Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED.R.CIV.P. 12(b)(1). The Rule requires the court to dismiss a cause for lack of subject matter jurisdiction "when the court

lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

*Federal Rule of Civil Procedure 12(b)(6)*

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the

defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis added).

Analysis

*Official Capacity Claims*

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A suit against a state official in his or her official capacity is considered a suit against the state itself. *See Will*, 491 U.S. at 70 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). As a result, TDCJ is immune from suit and its employees are also entitled to immunity from any claim for monetary damages against them in their official capacity. *See Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Therefore, Plaintiff's claims against Defendants Bray, Sanders, and Thompkins must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

5

*Personal Involvement*

The Fifth Circuit has held that supervisory officials are not liable under § 1983 unless "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citing *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985)). Supervisory liability can also result if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985)(quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Here Plaintiff offers no factual allegations to support the personal involvement of Defendants Thompkins, Sanders, and Bray, nor does Plaintiff allege a deficient policy. Plaintiff's allegations against these Defendants are conclusory. Plaintiff was given the opportunity to flesh out his factual allegations against these Defendants in response to this court's order to replead, but failed to do so. With respect to putting any of the Defendants on notice, Plaintiff only alleges he spoke to Defendant Grogan personally regarding the shower bench.

To the extent Plaintiff is suing these Defendants as supervisors, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1983. Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff does not allege Defendants Thompkins, Sanders, and Bray were personally involved in any alleged constitutional violation. Plaintiff also does not allege these Defendants implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's claims against Defendants Thompkins, Sanders, and Bray in their individual capacity should be dismissed as there is no respondeat superior theory of liability in a § 1983 action.

*Qualified Immunity*

Defendants assert their entitlement to qualified immunity. As Plaintiff has failed to allege the personal involvement of Defendants Thompkins, Sanders, and Bray, Plaintiff has failed to allege a constitutional violation by these Defendants. As such, their entitlement to qualified immunity remains intact.

## Recommendation

Plaintiff's claims against Defendants Thompkins, Sanders, and Bray in their official and individual capacities should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 10th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge