IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-120 |
| ARRON THOMPKINS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Demontrous Witcher, an inmate currently confined at the Jester Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Aaron Thompkins, Michael K. Sanders, Brenda Grogan, Jerran Coleman, John Doe UTMB Nurse, Derrel G. Bray, and Michael Cast.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

Currently pending is a second Motion for Default Judgment filed by Plaintiff on September 18, 2023 (doc. # 70). Plaintiff's first Motion for Default Judgment was denied on July 13, 2023 (doc. # 61). There has been no change in the record regarding the appearance of any of the defendants. There is no basis to support entry of default judgment in this case.

Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

Defendants have filed their answer or have otherwise pleaded. The record is devoid of any delay or contumacious conduct on the parts of the Defendants.

Recommendation

Plaintiff's Motion for Default Judgment (doc. # 70) should be denied.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 9th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge