IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-120 |
| ARRON THOMPKINS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Demontrous Witcher, an inmate currently confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

## Background

Plaintiff filed this complaint on March 22, 2021 (Doc. # 1). In the statement of his claim, Plaintiff states the following:

> My complaint [is] about the handicapp [sic] bench - Officer L. Fields had reported the problems with the bench to Mrs. B. Grogan (maintenance) several times as well as Off J. Coleman. Offender Sanchez stated he reported to them about the problem several times and they refused to come nor did they place any warning. They could have placed a warning to incomming [sic] inmates in wheelchairs like myself. When I hit the floor - medical refused to come help me and allowed inmates to assist me off the shower floor and would not allow me to come to medical that day. The next day Officer Kristy Perkins L. force [sic] medical to come give me attention because I was hurting so bad. Only then did maintanance [sic] come fix the shower bench after officer Perkins ordered.
>
> The moment the desk officer called and stated a [sic] inmate hit the floor medical should have came or ordered that I be sent to medical complained of pain and being hurt not ignored or force to see me.
>
> Once they allowed other inmates to help me off the floor they were wrong.

Original Complaint, pgs. 4-5 (Doc. # 1). With respect to Defendants John Doe Maintenance

Supervisor, Warden Aaron Thompkins, Maintenance Officer Brenda Grogan, Maintenance Officer Jerran A. Coleman, Plaintiff generally alleges they all were notified of the problem with the shower bench before his injuries and did nothing to remedy the problem. *Id*., pg. 4. With respect to Defendant UTMB John Doe Nurse, Plaintiff alleges "[t]hey refused to come get me off floor when Off P. Seniguar call them and reported it or allowed me to come to medical." *Id*.

For relief, Plaintiff asks for $500,000.00 in compensatory damages and $500,000.00 in punitive damages against each defendant. *Id*., pg. 4. Plaintiff states, "[t]his Court should hold them accountable and liable for my injuries and mental state - make medical attend to inmate who are down." *Id*.

On March 23, 2021, the undersigned ordered Plaintiff to replead his cause of action (Doc. # 4). The undersigned asked Plaintiff to answer the following questions:

1. Are you suing the defendants in their official or individual capacities or both?

2. What was wrong with the shower bench and what happened to you exactly? You generally state you were injured and alleged the defendants are liable but do not specify what happened and/or how you were injured. Be specific.

3. When you notified defendants of the problem with the shower bench, what did you say and what was their response? Be specific with dates, number of times, who exactly you spoke to or wrote to, and their response.

4. When Officer P. Senigar called the UTMB once you were injured, what was their specific response? You simply state they refused to come get you off the floor but did not provide their specific reason. Did they deny you medical treatment? If so, why specifically did they deny you medical treatment?

5. Why did the responding officers not take you to the Medical Department?

Order to Replead (Doc. # 4).

Plaintiff filed a response to the order to replead on May 6, 2021 (Doc. # 7), stating the following:

1. I am suing the individuals in their both full and individual capacities.

2. The shower bench was inadequate and needed repaired [sic] and have [sic] been for some time before the shower bench collased [sic] wail [sic] I was sitting on it. Which caused me to injure my head, shoulder and back.

3. The Defendants was [sic] notified months before by offender Sancaze [sic]

>
> and others. I notified maintenance Brenda Grogan on the first week of April her respone [sic] was she will have it fixed A.S.A.P. I reported it to her twice once she was repairing the sink.
>
> 4. It was not a [sic] emergency and due to COVID-19 they will not be coming. Yes I was denied medical.
>
> 5. The responding officer did not take me to medical because she was at the time on duty alone.
>
> As I made my way to officer P. Senigar, after medical refused to assist me off the floor. After inmate Donald Blaton assisted me off the floor when they refused to assist me. Medical told P. Senigar that it was not a [sic] emergency so they was [sic] not coming. I reported this to maintenance Brenda Grogan a week before the shower bench collapsed. On the 16th of April Lara N. Crain visit me to take photos of my injuries. On the 27th of April a nurse came to the dorm to ask me questions and that it [sic] also the shower bench was not repaired untill [sic] K. Perkins forced maintenance to repair it after I reported it to her on the 17th of April.

*Id*.

On the following day, Plaintiff filed a Motion to Amend, requesting to include the maintenance supervisors as defendants, Derrel G. Bray and Michael Cast (Doc. # 8). On June 24, 2021, Plaintiff filed a Motion to Correct and Amend More Definite Statement (Doc. # 10), stating the following:

> 1. Individual & official capacitis [sic] both.
>
> 2. The Defendants had knowledge that the bench was broken and insinuated as if they had fixed the bench. We went back to using the shower and it collapsed in on me injuring my head shoulders and back.
>
> 3. In my statement I forgot to let you'll [sic] know even though in my original statement – Off. C. Fields had reported the problem several time [sic] as well as Offender Sanchez Bunk 1 on same Pod - after I spoke with Off. Grogan 2nd time - she insinuated as if the bench was fixed while they was [sic] fixing the sink.
>
> 4. According to Off Sengiar - yes they denied me treatment that day - stating medical claimed due to COVID they wasn't leaving medical – It was not a serious injury.
>
> 5. She was the only officer on duty - they were short-handed.

*Id*. The undersigned granted the Motion to Amend/Correct (Doc. # 8) and Motion to Correct and Amend More Definite Statement (Doc. # 10) on January 11, 2022 (Doc. # 12).

The Defendants were ordered to answer or otherwise plead on September 22, 2022 (Doc. # 15). On October 24, 2022, Defendants Jerran Coleman and Brenda Grogan filed an Answer (Doc. #18). On the same day, Defendants Derrel G. Bray, Michael K. Sanders, and Arron Thompkins filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. # 19). In addition, on the same day, the Office of the Attorney General filed a Suggestion of Death as to Defendant Michael Cast (Doc. # 20). On October 26, 2022, the undersigned ordered Plaintiff to provide the court with additional identifying information as to Defendant John Doe UTMB Nurse, as the Office of the Attorney General could not identify any employees that matched the description included in Plaintiff's complaint (Doc. # 21). A Docket Control Order was entered the same day (Doc. # 22). On January 18, 2023, Defendants Bray, Coleman, Grogan, Sanders, and Thompkins moved to stay all future deadlines, pending a ruling on the motion to dismiss which asserted qualified immunity and a determination as to the claims against the John Doe UTMB nurse (Doc. # 38). The court granted the motion the following day, stayed all discovery, and gave Plaintiff an additional thirty (30) days to provide the court with identifying information regarding defendant John Doe UTMB nurse (Doc. # 39).

On May 3, 2023, the undersigned entered two Reports and Recommendations (Doc. #s 46 & 48). The first report recommended dismissing Plaintiff's claims against Defendant Michael Cast pursuant to Federal Rule of Civil Procedure 25(a)(1) (Doc. # 46). The second report recommended dismissing Plaintiff's claims against Defendants Thompkins, Sanders and Bray for lack of subject matter jurisdiction and for failure to state a claim (Doc. # 48).

Plaintiff filed a Motion for Leave to Amend on May 12, 2023, identifying the UTMB John Doe defendants as C. Allen, RN, S. McMahon, LVN, C. West, K. Stevens, and D. Simon (Doc. # 49). These defendants were ordered to answer or otherwise plead on May 15, 2023 (Doc. # 50). Defendants Caesonia Allen, Sandra McMahon, Kimberley Horvath-Stevens, Dianne Simon and Cheryl West filed an answer on July 6, 2023 (Doc. # 59). On July 13, 2023, receiving no objections to the Reports and Recommendations regarding Defendants Cast, Thompkins, Sanders and Bray, the

reports were adopted and the claims were dismissed (Doc. # 62 & 64). A docket control order was then entered on July 18, 2023, as to the remaining defendants (Doc. #67).

Currently pending is a Motion for Summary Judgment filed by Defendants Brenda Grogan, Jerran Coleman, Caesonia Allen, Sandra McMahon, Kimberly Horvath-Stevens, Dianne Simon, and Cheryl West (Doc. # 75). Plaintiff filed a Response on October 6, 2023 (Doc. # 76). This Report and Recommendation considers both.

Standards of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED.R.CIV.P. 12(b)(1). The Rule requires the court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

*Motion for Summary Judgment*

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and

admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine dispute of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine dispute of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations in the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. at 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

*Official Capacity Claims*

At all times relevant to this suit, Defendants Grogan and Coleman were employed by TDCJ as maintenance officers, while Defendants Allen, McMahon, Horvath-Stevens, Simon, and West were employed by UTMB. Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A suit against a state official in his or her official capacity is considered a suit against the state itself. *See Will*, 491 U.S. at 70 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Both TDCJ and UTMB are state agencies. As a result, TDCJ and UTMB are immune from suit and its employees are also entitled to immunity from any claim for monetary damages against them in their official capacity. *See Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [Eleventh [A]mendment is clearly established in this circuit."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Therefore, Plaintiff's claims against all the defendants in their official capacity must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

*Individual Capacity Claims*

### 1. TDCJ Defendants

With respect to Defendants Grogan and Coleman, Plaintiff's complaints surround their alleged failure to fix the shower bench after being notified it needed repair and/or their insinuation to Plaintiff and others that it had been fixed. Giving Plaintiff the most liberal construction to his pleadings, it would appear Plaintiff is attempting to allege Defendants Grogan and Coleman were deliberately indifferent to his housing conditions.

The deliberate indifference requirement is an extremely high standard to meet. *See Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference to a substantial risk of serious harm "only if (a) he knows that inmates fact a substantial risk of serious bodily harm and (b) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 462 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)); *see also Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994). Knowledge of deliberate indifference requires that officials "must both be aware facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer*, 511 U.S. at 837). By contrast, "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Here, Plaintiff alleges generally that he or others reported the handicap shower bench being broken to Defendants Grogan and Coleman, and that it was in need of repair. Plaintiff also alleges that at some point, Defendant Grogan stated that the shower would be fixed, or insinuated that it would be fixed. Plaintiff, however, fails to offer any specifics as to how he personally notified Defendant Grogan or Coleman, what he specifically informed them of relating to the handicap

8

shower bench, what Defendant Coleman's specific response was, and the time frame that elapsed from when he allegedly notified the two defendants and the incident at issue.[1] Plaintiff's pleadings and response to the motion for summary judgment are devoid of any factual allegations that Defendants Grogan and Coleman actually inferred a substantial risk of serious harm to Plaintiff and then failed to take reasonable measures to abate it. At best, Plaintiff's allegations support a claim of negligence. Deliberate indifference, however, "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1699 (Mar. 22, 2021), *reh'g denied*, 141 S. Ct. 2750 (June 7, 2021) (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)). As Plaintiff has failed to allege, let alone show, Defendants Grogan and Coleman actually inferred a substantial risk of serious harm to Plaintiff and then failed to take reasonable measures to abate it, Plaintiff's claim of deliberate indifference against Defendants Grogan and Coleman should be dismissed.

### 2. UTMB Defendants

With respect to Defendants Allen, McMahon, Horvath-Stevens, Simon, and West, Plaintiff appears to allege they were deliberately indifferent to his serious medical needs in failing to give him medical attention immediately after the incident at issue. Despite numerous opportunities to amend his complaint, Plaintiff still fails to offer any specific factual allegations that support the personal involvement of any of these defendants in the alleged denial of medical treatment. Plaintiff merely alleges that no one from medical came to treat him immediately after the accident. Plaintiff later amended his complaint to identify these defendants as the John Doe medical defendants, but offered no additional factual allegations with respect to his claims against each of these defendants. Plaintiff's complaint is devoid of any factual allegations that these defendants were specifically aware of his fall and alleged injuries and then denied him medical treatment immediately after the

---

[1] Exhibit B contains copies of grievances filed by inmates at the LeBlanc Unit relating to complaints about the handicap shower between November 1, 2019 to May 1, 2020. Interestingly, none of the grievances filed before the incident at issue relate to the handicap shower bench itself. Moreover, the only grievance filed by Plaintiff relating to the handicap shower bench is after the incident at issue. *See* Exhibit B, Inmate Grievances (Doc. #75-2).

9

accident. Plaintiff's "[t]hreadbare recitals" and "conclusory statements" are insufficient to state a § 1983 claim, particularly in light of Plaintiff's numerous opportunities to provide a more definite statement detailing the particular acts or omissions committed by each defendant.[2] Plaintiff's claims against Defendants Allen, McMahon, Horvath-Stevens, Simon, and West should be dismissed as conclusory.

*Qualified Immunity*

Defendants assert their entitlement to qualified immunity. As Plaintiff has failed to allege, let alone show, a constitutional violation as to any of the defendants, they are entitled to qualified immunity.

## Recommendation

Plaintiff's claims against Defendants Brenda Grogan, Jerran Coleman, Caesonia Allen, Sandra McMahon, Kimberly Horvath-Stevens, Dianne Simon, and Cheryl West in their official and individual capacities should be dismissed for lack of subject matter jurisdiction and for failure to state a claim and as frivolous.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

---

[2] The medical records provided in the motion for summary judgment demonstrate that Defendants McMahon, Stevens, Simon, and West were not aware of Plaintiff's need for medical care, nor did they ever personally provide any medical care to Plaintiff from April 1, 2020, through December 31, 2020. *See* Exhibit A, Medical Records (Doc. #75-1). As to Defendant Allen, the medical records indicate that she responded to Plaintiff's sick call request on May 1, 2020. *Id*. Plaintiff's sick call request was not submitted until April 29, 2020, fifteen days after the incident at issue. *Id*.

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 22nd day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge